```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| MARK A. KIRK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil Action No. 15-170 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

### I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits (DIB"). Plaintiff filed his application alleging he had been disabled since September 22, 2011. (ECF No. 5-6, p. 2). Administrative Law Judge ("ALJ"), James J. Pileggi, held a hearing on May 15, 2013. (ECF No. 5-6, pp. 30-59). On June 10, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 15-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity ("RFC") [1]

Plaintiff first submits that the ALJ erred in determining Plaintiff's RFC. (ECF No. 10, pp. 10-15). In support thereof, however, Plaintiff's entire argument is that there is substantial evidence to support that he is not able to do the work set forth in the ALJ's RFC finding. *Id.* The standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced. Nonetheless, I have reviewed the record and based on the same, I find there is substantial evidence of record to support the ALJ's RFC determination.[2] (ECF No. 5-2, pp. 15-29). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[2] The ALJ found Plaintiff has the RFC to perform light work with the following exceptions: "he cannot be exposed to a loud noise environment; can perform no work requiring binocular vision; can perform no activities of balancing on exposed heights; cannot operate a commercial motor vehicle, can perform no

3

C. **Vocational Guidelines Grid Rule 201.14**

Plaintiff argues he is not able to perform the physical requirements of light work and, as such, he should be considered disabled pursuant to Grid Rule 201.14 of the medical/vocational guidelines. (ECF No. 10, p. 15). Grid Rule 201.14 provides that when maximum sustained work capacity is limited to sedentary work and the individual is 50-54 years of age with education of a high school graduate or more (does not provide for direct entry into skilled work) with previous skilled or semi-skilled skills not transferrable, then the individual is disabled. Since I have found that the ALJ's decision limiting Plaintiff's RFC to light work is supported by substantial evidence, Grid Rule 201.14 is not applicable as Grid Rule 201.14 pertains to work capacity limited to sedentary work. Therefore, I find that remand is not warranted on this basis.

D. **Plaintiff's Subjective Complaints of Pain**

Finally, Plaintiff argues that the ALJ erred in improperly evaluating Plaintiff's subjective complaints of pain by ignoring his testimony regarding the same. (ECF No. 9, pp. 18-19). In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

---

crawling, kneeling or squatting; must be in close proximity to restroom facilities; can perform no frequent overhead reaching or lifting with the right dominant arm and is limited to simple, routine, repetitive tasks." (ECF No. 5-2, p. 23).

In this case, Plaintiff specifically asserts that the "ALJ did not show any rational basis for discounting Plaintiff's testimony." (ECF No. 10, p. 17). After a review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 5-2, pp. 24-27). For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence to his complaints and found them to be contradictory. *Id.* The ALJ also discussed the fact that Plaintiff's complaints were contradicted by his daily activities. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §404.1529 and SSR 96-7p and, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. (ECF No. 5-2, pp. 15-29). Therefore, I find no error in this regard.[3]

An appropriate order shall follow.

---

[3] In the middle of Plaintiff's argument on the ALJ's evaluation of Plaintiff's subjective complaints of pain, Plaintiff throws in a sentence that "it was clearly error to rely on Dr. Torio's report as Dr. Torio did not have the benefit of the records from Dr. Agnew of Tri Rivers Surgical Associates, Dr. Parikh, the lumbar x-ray of May 16, 2013 and Plaintiff's testimony with regard to his difficulties standing and lifting." (ECF No. 10, pp. 16-17). Giving Plaintiff the benefit of the doubt, I am going to assume that Plaintiff is attempting to raise the argument that the ALJ erred in giving the state agency doctor's opinion "considerable weight." (ECF No. 5-2, p. 26). State agency opinions merit significant consideration. See SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). Additionally, an ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012). In this case, while Dr. Torio may not have had certain evidence that occurred after his report, the ALJ recognized and accounted for that evidence. (ECF No. 5-2, pp. 23-27). Furthermore, after a review of the record, I find there is substantial evidence of record to support the weight given to the non-examining state agency opinions by the ALJ. *See,* ECF No. 5-2, pp. 23-27. Consequently, I find no error in this regard and remand is not warranted on this basis.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK A. KIRK, )
 )
    Plaintiff, )
 )
 -vs- ) Civil Action No. 15-170
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 6th day of October, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

                                          BY THE COURT:

                                          s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge